IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JAMES L. GAINES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No._____ |
| ) | |
| THE HOME DEPOT U.S.A., INC., ) | |
| and BRAD BEERS, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

### DEFENDANTS HOME DEPOT U.S.A., INC.'s
### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Home Depot U.S.A., Inc., Defendant, and files this Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et. seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1. Home Depot U.S.A., Inc. and Brad Beers are defendants in a civil action pending in Circuit Court of Cass County Missouri in Harrisonville, Missouri, entitled *James L. Gaines, Jr., vs. Home Depot U.S.A., Inc. and Brad Beers.*; Case No. 20CA-CC00131 (hereinafter referred to as the "State Court Action"). An Index of State Court Action Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibits "B," as required by 28 U.S.C. § 1446(a).

### TIMELINESS OF REMOVAL

2. The State Court Action was filed on June 5, 2020. Home Depot U.S.A., Inc. was served with Plaintiff's Petition for Damages on June 15, 2020. In his Petition, Plaintiff alleges that

on September 22, 2006, he was injured on Home Depot's property when he allegedly stepped on a piece of broken pallet on that property. This Notice of Removal, therefore, is timely filed within thirty (30) days of service of process of Plaintiff's lawsuit upon Defendants. *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

3. Plaintiff James L. Gaines, Jr. is and was at the time of the filing of this lawsuit a citizen of the State of Illinois. (See Ex. B-2, Plaintiff's Petition, at paragraph 2.)

4. Home Depot U.S.A., Inc. is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Georgia. Home Depot U.S.A., Inc. is and was, therefore, a citizen of the State of Delaware and Georgia.

5. Defendant Brad Beers is at the time of the filing of this lawsuit a citizen of the State of Oklahoma. Specifically, Brad Beers moved to Oklahoma in September of 2012 and has resided there ever since. (*See* Ex. C, the Declaration of Kelley E. Cash.)

6. Consequently, the District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Defendants are now, and were at the time this action commenced, diverse in citizenship from each other.

## CONSENT TO REMOVAL

7. Though Beers has yet to served in this case, he nonetheless consents to removal of this case to federal court. (*See* Ex. C, Declaration of Kelley E. Cash at paragraph 6.)

## AMOUNT IN CONTROVERSEY

8. The preponderance of the evidence filed with this Notice of Removal demonstrates that the amount in controversy in this proceeding is in excess of $75,000.

9. When a court questions the amount in controversy, evidence establishing the amount is required. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The removing defendants must establish the amount in controversy by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); 28 U.S.C. § 1446(c)(2)(B).

10. Importantly, the issue is not whether the damages are in fact greater than $75,000.00, "but whether a fact finder *might* legally conclude that they are." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d at 935, 944 (8th Cir. 2012) "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 946; *accord Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (once the removing party shows the amount in controversy by a preponderance of the evidence, the case belongs in federal court unless the plaintiff demonstrates it is legally impossible, and not just "highly improbable," to recover that amount).

11. To establish the amount in controversy by a preponderance of the evidence, a removing defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met[.]" *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). The materials a removing defendant submits to demonstrate satisfaction of the amount in controversy by a preponderance of the evidence may include "affidavits, declarations, and other documentation." *McNamee v. Knudsen & Sons, Inc.*, 2016 WL 827942, at *3 (E.D. Mo. Mar. 3, 2016).

12. The following evidence establishes by a preponderance of the evidence that the amount in controversy in this case is in excess of $75,000.00.

NOTICE OF REMOVAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3 of 6

Case 4:20-cv-00571-HFS   Document 1   Filed 07/15/20   Page 3 of 6

13. First, Plaintiff in his Petition for Damages claims that the September 22, 2006 incident left on which he sues left him permanently disabled. Specifically, Plaintiff alleges the following in Petition:

> As a direct and proximate result of Gains [sic] stepping down on the piece of broken pallet, he twisted his ankle; exacerbated the osteoarthritis of the left knee; and received other injuries to other parts of his body.
>
> As a direct and proximate result of the aforementioned injuries Gains [sic] has in the past and will in the future incur medical expenses, lost time from work, pain suffering, anxiety, and loss of enjoyment of life, leaving Gains [sic] permanently injured, disfigured, and disabled.

(*See* Ex. B-2, Plaintiff's Petition for Damages, at page 5, paragraphs 17-18.)

14. Second, Plaintiff's has previously stated in his discovery responses that he is seeking in excess of one million dollars in damages from Home Depot for the injuries he alleges he incurred as a result of the September 22, 2006, incident.

15. Specifically, Plaintiff originally filed suit against Home Depot and Beers back in Missouri state court in 2011 for the injuries he alleges he suffered as a result of the September 22, 2006, incident (the "First State Court Action"). Plaintiff eventually non-suited the First State Court Action on June 14, 2019. Plaintiff then filed the current State Court Action on June 5, 2020, for the same injuries he alleges he suffered as a result of the September 22, 2006, incident. Plaintiff filed the second the suit pursuant to Missouri Revised Statute section 516.230, which is savings statute that provides that a plaintiff who files a lawsuit within the prescribed statute of limitations but suffers a non-suit is entitled to application of Missouri's one-year savings statute allowing the suit to be re-filed within one year of the non-suit. See Mo. Rev. Stat. § 516.230. (*See* Ex. D, the Declaration of Arthur K. Smith at paragraphs 3-4.)

16. In the First State Court action, Plaintiff answered as follows to Home Depot's interrogatory regarding the damages claimed by Plaintiff as a result of the September 22, 2006 incident:

**AMOUNT CLAIMED**

Pursuant to Mo. Ann. St. § 509.050, what dollar amount of damages is Plaintiff seeking as compensation for his injuries for each element of damage sought?

**ANSWER:**
$1,000,000.00

(*See* Ex. D, the Declaration of Arthur K. Smith at paragraph 5, and Ex. D-1, Plaintiff's Second Supplemental Answers to Home Depot's First Set of Interrogatories at pages 5-6.)

17. Plaintiff filed a Worker's Compensation claim for his alleged injuries as a result of the September 22, 2006, incident because he was working for Nu-Way Transportation Service, Inc., at the time it occurred. On May 29, 2012, Liberty Mutual, the worker's compensation carrier for Nu-Way, gave Home Depot notice in writing that it paid Gaines worker's compensation benefits totaling $149,446.74 as a result of the September 22, 2006, incident and it asserts a lien in this amount on any recovery paid by Home Depot to Gaines in litigation over the September 22, 2006 incident. (See Ex. D, the Declaration of Arthur K. Smith at paragraph 6, and Ex. D-2, Lien Letter from Liberty Mutual.)

18. Based on Plaintiff's pleadings, his own discovery responses, and a lien asserted by Liberty Mutual, the preponderance of the evidence demonstrates that a fact finder *might* legally conclude that Plaintiff's damages are in excess of $75,000 and therefore satisfy the minimum jurisdictional requirements for federal diversity of citizenship jurisdiction.

WHEREFORE, Defendant hereby removes the case styled *James L. Gaines, Jr., vs. Home Depot U.S.A., Inc. and Brad Beers.*; Case No. 20CA-CC00131 and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation

By: */s/ Arthur K. Smith*
    Arthur K. Smith[1]
    Texas State Bar No. 18534100

    507 Prestige Circle
    Allen, Texas 75002
    Telephone: (469) 519-2500
    Facsimile: (469) 519-2555
    asmith@aksmithlaw.com

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of July 2020, a copy of the foregoing pleading and all attachments to same were served through the federal court's ECF filing system.

    */s/ Arthur K. Smith*
    Arthur K. Smith

---

[1] Attorney Arthur K. Smith is filing this Notice of Removal pursuant to Local Rule 83.5(h)(2) as a limited appearance and will comply with Local Rule 83.5(h)(3) within 14 days after making this appearance in this case.